IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01514-MEH-CBS

CHRISTOPHER SKODMIN,

    Plaintiff,

vs.

FRED OLIVA, *et al.*,

    Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION
REQUESTING PERMISSION TO AMEND COMPLAINT**
_____

Plaintiff has filed a motion styled "Requesting Permission to Amend Complaint" (Docket #47), which the Court will construe as a motion to amend the Complaint.  Defendants oppose the motion on the grounds that the time has elapsed for amendment of pleadings, and the proposed amendment supplements rather than amends his earlier complaint.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  Fed.R.Civ.P. 15(a).  Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S.

at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182. Here, Plaintiff has already filed a Second Amended Complaint.

At the pretrial conference in this matter, the Court permitted Plaintiff to state his claims as he wished. To the extent that Plaintiff's Statement of Claims in the Final Pretrial Order contains any supplemental or amended information regarding Plaintiff's claims, the Court grants the Motion to Amend. Hereafter, the Final Pretrial Order will rule the trial of this case. The Motion to Amend is denied in all other respects.

If Defendants believe that this Order requires supplemental briefing on their Motion for Summary Judgment, Defendants may file a supplement brief on or before September 29, 2006, and Plaintiff may file a response by October 14, 2006. No replies will be permitted. However, in light of their statement that the Motion to Amend merely supplements claims already made by Plaintiff, Defendants may rely on their Motion for Summary Judgment as submitted, if they so desire.

For the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Amend (Docket #47) is **granted in part** and **denied in part** as stated herein. It is further **ORDERED** that Plaintiff's claims at issue in this case are as set forth in the Final Pretrial Order entered in this matter on September15, 2006 (Docket #71). Accordingly, there is no need for the Plaintiff to file a separate

amended pleading.

   Dated at Denver, Colorado, this 19th day of September, 2006.

             BY THE COURT:

             s/ Michael E. Hegarty
             Michael E. Hegarty
             United States Magistrate Judge