IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01514-MEH-CBS

CHRISTOPHER SKODMIN,

    Plaintiff,

vs.

FRED OLIVA, *et al.*,

    Defendants.

_____

**ORDER ON PENDING MOTIONS**
_____

On June 6, 2006, the Defendants filed their Motion for Summary Judgment in this matter (Docket #48).  After being granted an extension of time (Docket #55), the Plaintiff filed his response to the motion on July 3, 2006 (Docket #58).  Defendants filed their reply in this regard on July 6, 2006 (Docket #59) and again on July 7, 2006 (Docket #61).

Thereafter, on July 18, 2006, Plaintiff filed his motion styled "Motion for Continuance Pursuant to Rule 56(f)" (Docket #63), which the Court will construe as a motion for extension of time to further respond to the Defendants' Motion for Summary Judgment (in the form of a sur-reply).  Plaintiff sought until August 14, 2006, to file supplemental materials in response to the Motion for Summary Judgment.  Plaintiff, in fact, filed supplemental briefing and other materials in support of his opposition to Defendants' Motion for Summary Judgment on that date.  By motion, Defendants have moved to strike those materials (Docket #66) as untimely.  Generally, the courts which have viewed the issue of the filing of surreplies have considered whether there is justification for the filing of the materials outside the normal course of briefing.  *See Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories*, 62 F.Supp.2d 1186, 1187 n. 1 (D. Kan. 1999).  Another consideration is whether the reply which proceeded the surreply contained new information for which

the opportunity to respond is needed.  *See Lopez v. Garcia,* 1 F. Supp.2d 1404, 1406 (D.N.M. 1997). The reply which was dual filed by the Defendants does not present any new information outside of that which was contained in their original summary judgment motion.  However, in light of Plaintiff's *pro se* status, the Court will afford him some leniency, particularly because of the difficulty in obtaining affidavits and other materials traditionally used in responding to a motion for summary judgment.  Therefore, the Plaintiff's motion will be **granted** and the Defendants' motion will be **denied**.

Justice requires that Defendants be permitted a response to the surreply, if they so choose. By separate Order of the Court filed on this date, Defendants were given until September 29, 2006, to submit any supplemental briefing in light of the statement of claims that Plaintiff has made in the Final Pretrial Order.  Therefore, Defendants shall also have until September 29, 2006, to supplement their Motion for Summary Judgment in response to the relief granted in this Order, if they so choose.

Accordingly, based upon the foregoing, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Continuance Pursuant to Rule 56(f) [Filed July 18, 2006; Docket #63] is deemed a request to file surreply and is **granted.**  The supplemental briefing and other materials filed by the Plaintiff on August 14, 2006 (Docket #64)  in support of his opposition to Defendants' Motion for Summary Judgment will be reviewed as a surreply and considered by the Court in its determination of the Motion for Summary Judgment.

2. Defendants' Motion to Strike the Plaintiff's Reply to Defendants' Summary Judgment, Pursuant to Rule 56(E) [Filed August 16, 2006; Docket #66] is **denied.**

Dated at Denver, Colorado, this 19th day of September, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge