IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01514-MEH-CBS

CHRISTOPHER E. SKODMIN,

    Plaintiff,

v.

FRED OLIVA, Director of Corrections,
DEPUTY SHERIFF J. SIMPLEMAN #03015, and
DEPUTY SHERIFF PACHECO #50072,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 60**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Remove it's [sic] Finding of Dismisal [sic] with Perjudice [sic] ("Motion") [doc #84]. The matter is fully briefed[1], and oral argument would not materially assist the Court in adjudicating this motion. Based upon the law and arguments presented, together with the entire record herein, the Plaintiff's Motion is **denied**.

## BACKGROUND

This case originated in August 2005, at which time the Plaintiff, acting *pro se*, filed a Complaint against Defendants alleging constitutional violations arising from the Plaintiff's altercation with another inmate. On June 6, 2006, Defendants filed a motion for summary judgment, requesting that all claims be dismissed. After the matter was fully briefed, including a round of surreplies by the

---

[1] Although the Plaintiff was given fifteen (15) days within which to reply pursuant to D.C. Colo. LCivR 7.1C, he did not file a timely reply.

parties, this Court granted summary judgment in favor of the Defendants and dismissed the case with prejudice on November 22, 2006.

Approximately eight months later, Plaintiff filed the instant Motion, which has been construed as a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  In his Motion, Plaintiff alleges that, in a pending state action involving essentially the same facts as those asserted in the instant matter, Defendants, in their Answer to the Complaint, "admitted that their [sic] is a Denver County protective custody policy," the same policy of which Defendants allegedly denied the existence in the within case.  Motion at 1-2.  Plaintiff claims that Defendants' denial of the policy's existence in the instant federal case, and recent admission of the policy's existence in the state case, constitutes newly discovered evidence by which he may seek relief pursuant to Fed. R. Civ. P. 60(b)(2) from the summary judgment dismissing this case.  *Id.*

In response, Defendants assert that there is no newly discovered evidence, and that Plaintiff "is confusing the existence of the Denver County Jail Classification Policy with the training or instruction in implementing the policy." [Response at 2.]  In support, Defendants provide copies of discovery requests and responses from the federal action, as well as copies of the Complaint and Answer filed in the state action. [Response, Exhs. A-F.]  The discovery documents reveal that Plaintiff requested "Denver County Jail's written policy for the classification of inmates in protective custody, and Denver County Jail's policy for officer training of inmates in special housing building #6 A.B.C. 'Protective Custody.'" [Exhibit A.]  Defendants responded by providing a copy of the "Denver County Jail's classification policy." [Exhibit B.]  Plaintiff followed with a request for "officer training in special housing protective custody building #6 A.B.C. [sic] information specific enough to identify department policy (was not received) 'officer duties.'" [Exhibit C.]  Defendants

-2-

responded saying, "[d]uring the relevant time period, the training of Denver deputy sheriffs concerning duties and responsibilities for housing protective custody inmates in Building 6 was accomplished through classroom instruction. There was no written policy." [Exhibit D.]

Subsequently, in or about January 2007, Plaintiff filed a Complaint in Denver District Court alleging gross negligence based upon the same or similar facts as those asserted in the within federal case, and asserting "Denver County Jail has in-place [sic] a classification Policy for Protective Custody inmates." [Exhibit E.] Defendants then filed an Answer "admit[ting] that the Denver County Jail ha [sic] a Protective Custody policy." [Exhibit F.]

## DISCUSSION

Rule 60(b)(2) provides that the court may relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (2007). A party seeking relief from judgment based on newly discovered evidence must show (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence was material; and (5) that a new trial, with the newly discovered evidence will probably produce a different result. *See Joseph v. Terminix Int'l Co.,* 17 F.3d 1282, 1285 (10th Cir.1994).

Based upon the information provided by Defendants, it is clear that there was no inconsistency in the position of Defendants with respect to the existence of a "protective custody policy," and thus, there is no newly discovered evidence sufficient to constitute grounds for relief from the summary judgment order entered in this case. Plaintiff has failed to meet the first

element necessary under Rule 60(b)(2), and thus, cannot sustain his burden of proof.

Moreover, Defendants' "admission" of the existence of the protective custody policy in no way alters this Court's Order granting summary judgment. Plaintiff's reference in his Motion to one sentence of the Order, which is not fully cited and is taken out of context, is not determinative. [*See* Motion at 2.] In the Order, this Court explained that, while the existence of an unwritten (or written) policy may be relevant for purposes of analyzing "deliberate indifference" in the Plaintiff's Eighth Amendment claim, such analysis is also subject to the dispositive question of whether the Defendants responded reasonably to the risk of harm, even if harm occurred due to the indifference of the Defendants. [Order at 7-8.] Applying the law to the facts of this matter, the Court found that the Defendants responded reasonably to the risk of harm to Plaintiff, and thus, the Plaintiff had not established an Eighth Amendment violation. [*Id.* at 8-9.]

Finally, Plaintiff asserts in his Motion that "there was miss [sic] information given by the Defendants to the courts," in the form of an affidavit containing "hersay, [sic] conclusionary [sic] statements and inflamitory [sic] but specious information." [Motion at 4.] Unfortunately, such assertion, without factual or legal support, is conclusory itself and does not provide sufficient grounds for relief under Rule 60(b).

## **CONCLUSION**

Accordingly, based upon the above analysis, and the entire record herein, it is **ORDERED** that Plaintiff's Motion to Remove it's [sic] Finding of Dismisal [sic] with Perjudice [sic] [filed July 25, 2007; doc #84] is **denied**.

Dated at Denver, Colorado, this 5th day of September, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge